Thank you your honor May it please the court. I am Raymond Stocksville of Paul Hastings and I represent petitioners I would like to reserve four minutes of rebuttal time, please Well, try to remind you but keep an eye on the clock understood Petitioners are a mother and her three sons who fled El Salvador for the United States each of them seeks asylum and withholding of removal based on a number of particular social groups or PSG as Well as relief under the Convention Against Torture, which I may refer to as CATS Now there are numerous independent bases for this court to rule in petitioners favor and they are detailed in petitioners briefs In my time today, I want to focus on three points in particular The first is that petitioners asylum and withholding of removal claims should be remanded Because the board failed to conduct the requisite de novo review of the cognizability of certain PSG The second is that petitioners asylum and withholding of removal claims should further be remanded because the immigration judge or IJ Improperly and erroneously gave limited weight to the expert testimony of dr Thomas Borman based on a purported lack of citations or other corroboration And the third is that petitioners claims for relief under the Convention Against Torture should be remanded Because the board failed to consider all relevant evidence Now that's the first point with regard to the PSG's that the immigration judge found not cognizable The board failed to conduct the requisite de novo review and so remains warranted There is no dispute that the cognizability of an asserted PSG is a question of law review de novo But the board failed to do that here It's discussion affirming the IJ's determination of non cognizability comprised just two textual sentences. That is insufficient Indeed the board's cursory discussion runs afoul of this court's recent decision in Diaz-Renoso v. Barr The citation for which is 968 F. 3rd 1070 and which was mentioned in petitioners rule 28j letter. In that opinion this court emphasized that the board is required to conduct a thorough case-specific Inquiry when evaluating the cognizability of a PSG and it remanded the case because the board failed to do that The court should similarly remand here As for the second point remand is also warranted on the asylum and withholding of removal claims as to these PSG's Because the immigration judge gave limited weight to dr. Borman's testimony because of a purported lack of citations and other corroborating evidence now as Detailed in the briefs petitioners dispute the premise that dr. Borman's testimony lacked citation or other corroboration But in any event it was reversible error for the IJ to give limited weight to his testimony on this basis And in addition to what petitioners already have in their briefs Petitioners emphasize that this court's recent decision from November in Castillo v. Barr 980 F. 3rd 1278 is directly on point that case incidentally involves the same expert dr. Borman and There the board like the IJ here gave reduced weight to dr. Borman's testimony on the grounds of purported lack of That to be found that to be error warranting remand so the court setting judge Posner's opinion in Velasquez Venegas v. Lynch Explained that quote dr. Borman's expert testimony was itself evidence that could support Castillo's claim If an expert's opinion could only be relied upon if it were redundant with other evidence in the record There would be no need for experts the board therefore erred and giving dr. Borman's testimony reduced weight end quote the court there Remanded and the same outcome is warranted here for the same reason now respondents answering 28 J letter Attempts to distinguish that case from this one, but there really is no distinguishing them They are squarely on point with each other the IJ here like the board in Castillo gave dr. Borman's testimony limited weight due to a purported lack of citation and corroboration Under Castillo that is clearly erroneous and warrants remand your honor Regardless of you know that the weight given to the expert at all When we when you look just sort of looking at the particular social groups and maybe starting with the Women who are viewed as property by gang members why doesn't that run afoul of Principle that you you can't define the group solely in terms of the persecutors perception You have to show that there that there's social distinction within society at large Right and I think so that and this was Detailed in the petitioners brief before the beat the BIA, but a matter of a B wasn't argued before the 9th Circuit here in the briefing, but I think the harm that What a B indicates is that the particular social group can't be defined exclusively by the harm here It's not the harm is relevant in the sense that it's one of the catalysts for how the gang members may view For why the gang members may view a particular victim as their property, but the Definition of the group is the being viewed as property of the gang members As opposed to the harm itself of having been victimized Right but but I write it sounds like right there and the definition of the group is It's defined by how the gang members perceive the people in the group You need to show that society in general perceives this to be a distinct group don't you I Believe so and I believe including with dr. Foreman's testimony that that is established that that status of the gang members Viewing somebody as a victim is something that is perceived by society as a whole in a way that you might recognize that somebody is You know a widow somebody People in El Salvador can recognize victims of the gang members as being essentially controlled by and viewed as property of the gang members With that I will continue So your honors may notice that I've been saying the IJ gave limited weight to dr. Borman's testimony I just note that because the board didn't address dr. Borman's testimony at all as the PSG so that goes back to the first point and then lastly Petitioners claims for relief under cat should be remanded because the board failed to consider all relevant evidence I think this is you know briefed extensively in petitioners briefs including Colby Holder This court's decision in 2011 that a board's decision cannot stand or a board's decision denying cat cannot stand where there's any Indication the board didn't consider all all of our all the evidence and here I think that's established We would just emphasize that the Diaz-Reynoso case further reinforces this notion As there the applicant similarly had testified that she reported her harm to authority figures and they did not help Respondents answering 28 J letter attempts to draw distinctions between the facts of the what harm wasn't Reported and who was reported to but the fact of the matter is the board should have considered this evidence And it didn't so that requires green man Can you address the nexus claim for the oldest son Brian On that one. I mean is it wasn't it at least reasonable or plausible for the IJ to conclude that gang members Acts it were maybe motivated by a sense of you know, misguided machismo and not necessarily perceived sexual orientation of brain that is You know these gang members thought you know And they're misguided way that he's these were insults directed at him for not joining a gang as opposed to Perceiving that to be the eldest son sexual orientation. I mean, why isn't that at least a reasonable interpretation of the evidence? Well, I think because it because the petitioners don't have to establish that it was the sole reason or the primary reason There's no obligation to rule out other potential motivations and the next motive type case The question here is whether the evidence compels the conclusion that the gang members perceived Brian to be Homosexual and that was at least one central reason for asylum or our reason for withholding of removal And I think the record as detailed in our brief Establishes that it was meanwhile, there is no evidence in the record suggesting that gang members in El Salvador Utilize those sorts of homophobic slurs and molest their victims when they don't believe that the victim is homosexual Whereas dr. Foreman testified that in his experience those things indicate that they do and he's not aware of Use of those sorts of homophobic slurs like you might be Don't even you know, unfortunately, we even see that kind of behavior and here in this country interior high school where you know Bullies use that kind of slurs not because they perceive it as the victim sexual orientation because again through the misguided ways It's an insult and it's just you know being bullies Isn't that a reasonable interpretation for the IJ to think that's what these gang members are doing? Well the Interpretation of fact seem to be based on the gang members in El Salvador as opposed to what may be perceived in u.s Culture here on middle school playgrounds. I think that's part of the IJ's error. There's an unfounded Projection of that sort of perhaps u.s. Cultural behavior onto the gang members, but there's no evidence in the record to support that And dr. Gorman says he's not aware of that in particular so there's no evidence supporting it and there is evidence contradicting it Thank You counsel we've used up all your time, but we'll give you a minute for rebuttal Thank you. Johnny. We'll hear from the government now Yes, good morning. Thank you for your time this morning and the opportunity to discuss this case. My name is Mona Yusuf I represent the respondent now. I realize there's a lot of issues here So I just wanted to ask first if there is any particular Concerns the court might want to discuss first before I address I'm sorry petitioners arguments Why don't you start with the issue we were just talking about about the the eldest son So we have if not just the slurs about sexual orientation we also have Sexualized physical touching of him accompanied by comments. I think they said well, we know you'll like this because of your sexual orientation it Why doesn't that compel the inference that? His perceived sexual orientation was a significant part of the reason they did that Well, I think it's as the IJ explained It's the way things that the whole circumstance happened at first if you look at his At the Declarant, I'm sorry the declaration of the young boy that was harassed He first stated that the group started to approach him when he was about 13 14 years old Just as they did the other kids in the neighborhood and they would threaten people saying, you know, if you don't join us We're gonna rape your mother. We're gonna rape your sister the young boy repeatedly refused to join the gang and then it wasn't until He repeatedly refused to join that he started kind of using these what you know, these degrading statements basically as a way to To shame him or to humiliate him say oh you you know, you act like a girl Let me see what else was there you don't have the balls to join our gang They're really just kind of mocking him. So I think substantial evidence in this case based on the way the attack started and kind of progressed supports the agency's decision that it was really their way of Forcing him to join the group and shaming him when he refused to do so Why I mean That that may have been part of their motive But I don't see how that negates The proposition that his perceived sexual orientation was still a central reason for why they did it I mean, there's which is to say that there's There are lots of ways that you could insult someone right? They chose You know language and conduct Directed that has perceived sexual orientation or are we doing further? That was just a coincidence That was just a method. I think that was a means to an end is what the Board is. I'm sorry that the agency is saying here. I think when you look at motive as you say Why is somebody picking on somebody and here it seems pretty clear that they're picking on him because they want him to join the game That's their ultimate Purpose they need more members. He's a young boy. He fits the demographic. He's in the neighborhood. He's 14 15 years old That's who they recruit to do some of their crimes Would they have picked on him if they didn't want him to be in the group? That's left unclear based on this evidence. So I think the board or the agency was basically saying that There's not enough evidence here to include that as a motive for picking what what what would give me an example of sort of Assuming that you know, we have the evidence that they're interested in him joining the gang What more would they have to do in order for it to be clear that his perceived sexual orientation was a central reason for? Conduct. I mean, I think it just like it would have been just based on the totality of the circumstances They had come up to him and being like hey called him names called him a girl Hey, you know, you don't have enough balls to join us You know prove to us that you're not gay or something like that if they had started out their pursuit of him in that way That would have lended support that that was one of their motivating factors Maybe if their house had been evidence Provided that hey, they target homosexual boys to join their gang. I don't remember that being part of the record There's a lot of information in this record saying that homosexuals and anybody in the LGBT community faces harm and discrimination But I didn't see anything that said that met are that homosexual boys are targeted for gang membership I ask a question about The mother yes so The IJ found that she hadn't proven that she would be tortured if she removed if she was returned home, I Mean the fact that she was gang raped That she reported it and was hung up on Is it your position? That's not torture and that she couldn't expect that same treatment if she was returned. I'm having well I'm sorry Having trouble with this Well, she the only time that she called police is during the extortion claim that happened before the gang rape So our point for that was that evidence petitioner makes it Makes a claim that that should have been considered would considering cat. But in that case all that was said in the record Let me just and check me on this council while you're looking for that. Yes Yeah, I didn't address it, right at all What happened was I believe the petitioner addressed it in his brief before the board? I think was like pages 58 and 59 and then if you read the court's decision They say we're not going to touch the whether or not you are person or you are tortured or not. They kind of didn't address whether these particular individuals had been Tortured in the past they based their claim on there's no evidence that The government would actually ask to their torture in the future or at least that more likely than not the government would actually ask in the future On that point the the BIA didn't address The mother's testimony that she called the police and the police hung up on it, right? I mean, yeah, I should have at least addressed that point because going to Issue of whether his government is acquiescing to the gang members Actions If that was the if that was the standard whether or not they have to consider acquiescence to gang actions, but here again She reported I'm sorry. There's just so many notes in here. She basically called and she's in her declaration She said that she called the police and told them that she was being Extorted and that they said they couldn't help her now You're in a country where many many people are extorted if she had called and she had said somebody attempted to rape me or somebody did rape me and They hung up on her. They said we can't help you that definitely would have been relevant information that The board should have addressed when adjudicating cat, but here it's unclear whether or not if somebody refuses to help an extortion victim that's been extorted over the phone is the same as Claiming that because it didn't help me when I was extorted. They're not going to help me when I'm actually Tortured an extortion really isn't It's not torture, but I don't have any case law to support that right now Isn't it? I mean at the BIA said what you're saying now, maybe you know, they addressed it But seems like they just didn't consider it at all. We don't know what the you know, we need yeah, I could first address it So shouldn't we remand that issue? If I guess if you think that Not helping an extortion victim is the same as saying that the police are not going to actually ask to somebody who's going to be tortured I would argue that's not the same I can say and I know this court sees countless immigration cases This particular board decision and the IJ decision is incredibly detailed for an agency decision I mean they talked about everything in this case. They listed all the facts. They explained why they didn't Why they didn't weigh certain statements by dr. Borman as Heavily as other statements they by him. So I would say that this case does not I it seems that the board actually did consider all the evidence in this case and that would not be a reason for remand You Are there any other questions Looks like they're not so Well, if you would you like me to address the whole the dr. Borman or do you have no concerns at that time? You have a minute left, okay All right. I would just like to point out that the cases the three cases that basically Address the expert testimony are Cole Castillo and there's also the Seventh Circuit case that's being referenced the last was Venangas and in all those cases were actually were corroborating country reports That corroborated that the experts testimony in those cases That's really not the case here. I think what happened here is you have professor Borman who's it? Qualified as an expert for many different countries and you can't be an expert in all things and what the immigration judge was basically saying is that she wanted to make sure that any statement that he made was based on objective factual predicate and the lack of corroborating evidence and citation Made it unclear whether or not particular opinions were based on an objective factual predicate and since I'm out of time I'd like to thank you for your time and thank you for listening today Thank You counsel One minute for rebuttal Thank you. I'll briefly mention that not helping an extortion victim. There was that whole discussion That wasn't the only thing that the BIA didn't consider and so refer I would encourage the panel to look back at the briefs which explains the Insufficiency of the BIA's decision It may have been seven pages long But it was primarily discussing setting up the legal standards and not actually discussing the facts which is mischaracterized as only indicating high crime rates in general corruption with regard to Brian and the Nexus in terms of recruitment. This is addressed on page seven of the reply. Dr. Borman testified He was being recruited for servitude not actual membership And as the panel picked up on there's a statement here by the persecutors while molesting him when they said we are doing this because We know you like it because we know you like to be You know, we know you like men and to be touched like a woman under leave the holder. That is direct evidence of their motive and their belief and so I think the case law is clear that remand is warranted here because the evidence can tell the conclusion that The Nexus is established with that. I know that I'm out of time. And so I thank you for your time Thank You counsel. We thank Both counsel for their very helpful arguments this morning The case just argued is submitted and with that we are adjourned for the day. Thank you Thank you. This court for this session stands adjourned
judges: Hillman, Miller, Lee